## JAMES GARDNER v. FRANK HICKOCK.

*Forcible entry and detainer—Complaint—Description of premises.*

1. In proceedings for forcible entry and detainer, the description of the premises must be sufficiently definite to enable the officer executing the writ to restore complainant to possession, and exclude the defendant therefrom.[1]

2. The complainant, claiming to have been forcibly excluded from the possession of a portion of a stable leased of the defendant, instituted proceedings for forcible entry and detainer. The premises were described in the complaint as "the following described lands and premises, situate in the village of Allegan, in said county, to wit: The first two stalls at the left of the entrance to the first floor, and standing room on that floor for a buggy, and the north half of the upstairs, of the third entrance, counting from the north side, to the building known as the 'Rink Building,' situate on the east side of Water street, in the village of Allegan, situate on lots 232 and 233." And it is held that the description is too indefinite to enable

---

[1] See *Clark v. Gage,* 19 Mich. 507.

the officer executing the writ of restitution to restore com-
plainant to possession, and exclude the defendant therefrom;
and that the only remedy open to the complainant is an
action for breach of the lease.

Error to Allegan. (Padgham, J.) Argued October 24,
1894. Decided November 20, 1894.

Forcible entry and detainer. Complainant brings error.
Affirmed. The facts are stated in the opinion.

*Fidus E. Fish* and *Hannibal Hart*, for appellant.

*C. R. Wilkes*, for defendant.

GRANT, J. Defendant was the owner of a small stable,
containing three standing stalls and two box stalls. He
used it as a boarding stable, and also kept two horses of
his own. On April 12, 1893, complainant made an agree-
ment with defendant by which he was to keep his horse
and buggy in the stable, paying $1.25 per month. Com-
plainant claims that the agreement was for one year, while
defendant claims that it was from month to month. At
the end of six months, defendant notified complainant
that he could use the stable no longer, and excluded him
from its use. Complainant then instituted this suit before
a circuit court commissioner to recover possession. The
jury found against him before the commissioner, where-
upon he appealed to the circuit court, where a verdict
was directed in favor of the defendant.

The agreement was oral, and is stated by the complain-
ant as follows:

"The bargain was that I was to have one stall until
July, and have standing room for my buggy on the floor,
and then I was to have half of the barn after July."

He did not occupy any stall exclusively, nor was any
part of the place set off to him for his buggy.

The reasons given by the court for its instruction were that, under complainant's own evidence, the two were to occupy the premises substantially together; that complainant occupied different stalls in the barn; that the barn floor was to be occupied together; that complainant had the right to place his buggy upon the floor, while defendant had the right to remove it for other use when occasion required; that the stalls were occupied by different horses; that the space above was jointly occupied for keeping hay; and that each carried a key to the same door.

The case is not of sufficient importance to justify an extended statement of the evidence. The premises to which the complainant asks restitution are described in his complaint as follows:

"The following described lands and premises, situate in the village of Allegan, in said county, to wit: The first two stalls at the left of the entrance to the first floor, and standing room on that floor for a buggy, and the north half of the upstairs, of the third entrance, counting from the north side, to the building known as the 'Rink Building,' situate on the east side of Water street, in the village of Allegan, situate on lots 232 and 233."

In these proceedings the description must be so definite that the officer executing the writ must be able to restore complainant to possession, and exclude the defendant therefrom. It is apparent that this could not be done in the present case. It was not contemplated that the defendant should surrender to complainant the exclusive use of any particular portion of the stable. The only remedy open to the complainant is an action for breach of contract.

The instruction was correct, and the judgment is affirmed.

The other Justices concurred.